MCGRAIL & BENSINGER LLP
676A Ninth Avenue #211
New York, New York  10036
(646) 285-8476
(646) 224-8377 Facsimile
David C. McGrail
dmcgrail@mcgrailbensinger.com

Proposed Counsel to Montezuma Mexican Restaurant Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| MONTEZUMA MEXICAN RESTAURANT INC., | Bankr. Case No.: |
| Debtor. | |

**DEBTOR'S APPLICATION FOR AN ORDER
AUTHORIZING IT TO EMPLOY AND
RETAIN MCGRAIL & BENSINGER LLP AS
ITS BANKRUPTCY COUNSEL, *NUNC PRO TUNC* TO FEBRUARY 20, 2015**

Debtor Montezuma Mexican Restaurant Inc. (the "Debtor") hereby files this application (the "Application") for an order, pursuant to Bankruptcy Code sections 327(a) and 329(a), Bankruptcy Rules 2014(a) and 2016(b), and Local Bankruptcy Rule 2014-1, authorizing it to employ and retain McGrail & Bensinger LLP (the "Firm") as its bankruptcy counsel, *nunc pro tunc* to February 20, 2015, and in support thereof respectfully represents as follows:

**JURISDICTION**

1.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this case and this Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief requested herein are Bankruptcy Code sections 327(a) and 329(a), Bankruptcy Rules 2014(a) and 2016(b), and Local Bankruptcy Rule 2014-1.

## THE FIRM'S PROPOSED REPRESENTATION

2. The Debtor, a New York corporation, operates a high-quality Mexican restaurant located at 119 West Kingsbridge Rd., Bronx, NY 10468.

3. On February 20, 2015, the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtor requires bankruptcy counsel to assist it in determining how to proceed with its bankruptcy case and in implementing the chosen strategy, including preparing any necessary pleadings and appearing before this Court. The Firm has considerable experience in bankruptcy matters and, the Debtor believes, is well-equipped to assist it in this case.

5. The Firm was referred to the Debtor through New York's Legal Referral Service.

6. The Firm's compensation for professional services rendered to the Debtor will be based upon an hourly rate of $365 for partners and $200 for associates, which the Debtor believes is reasonable.

7. In addition, the Firm charges for out-of-pocket expenses, including travel postage, courier expenses, and filing fees.

8. As of the petition date, the Debtor did not owe the Firm any amounts for legal services previously rendered.

9. On November 17, 2014 the Debtor paid the Firm $181 and made a $3,000 advance payment to the Firm, on January 23, 2015 it made a $12,000 advance payment to the Firm, on February 20, 2012 it made a $11,718 advance payment to the Firm. The Firm has applied $10,182 on account of pre-petition fees and used $1,717 to pay the fee to file this Chapter 11 case. The Firm has not received any other payments from the Debtor.

10. The Firm is currently holding $15,000 as a retainer to secure the payment of the Firm's post-petition fees and expenses, as allowed by this Court.

11. Following the Debtor's Chapter 11 bankruptcy filing, the Firm immediately began rendering necessary post-petition legal services to the Debtor.

12. All compensation to be paid to the Firm for services rendered to the Debtor and reimbursement of expenses incurred in connection therewith shall be pursuant to applications to be submitted to and approved by the Bankruptcy Court in accordance with expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013, and the United States Trustee Fee Guidelines.

13. The Firm has represented in the affidavit of David C. McGrail in support of this Application (the "McGrail Affidavit") that it has not rendered professional services to any of the Debtor's creditors or other parties-in-interest and will not do so in this case. A copy of the McGrail Affidavit is attached hereto as Exhibit A.

14. The Firm has represented in the McGrail Affidavit that it neither holds nor represents any interest adverse to the Debtor's estate and that it is a "disinterested person," as referenced in Bankruptcy Code section 327 and as defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b).

15. The Firm has represented in the McGrail Affidavit that it has no connection with the Debtor, its creditors, or any other parties-in-interest, or their respective attorneys or accountants, or the Office of the United States Trustee or any person employed in the Office of the United States Trustee.

16. The Firm has represented in the McGrail Affidavit that it will endeavor to coordinate with the other professionals retained in this case, if any, to eliminate unnecessary duplication or overlap of work.

17. For the foregoing reasons, the Debtor believes that the retention of the Firm is in the best interests of the Debtor and its estate, and therefore, it wishes to employ and retain the Firm as its bankruptcy counsel.

## NO PRIOR APPLICATION

18. No previous application for the relief sought herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit B, granting the relief requested herein and such other and further relief as is just and proper under the circumstances.

Dated: February 20, 2015
      New York, New York

By:   s/ Magdalena Dominguez
      Name: Magdalena Dominguez
      President of Montezuma Mexican
      Restaurant Inc.

**<u>Exhibit A</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| MONTEZUMA MEXICAN RESTAURANT INC., | Bankr. Case No.: |
| Debtor. | |

**AFFIDAVIT OF DAVID C. MCGRAIL
IN SUPPORT OF DEBTOR'S APPLICATION FOR AN ORDER
AUTHORIZING IT TO EMPLOY AND RETAIN
MCGRAIL & BENSINGER LLP AS ITS
BANKRUPTCY COUNSEL, *NUNC PRO TUNC* TO FEBRUARY 20, 2015**

STATE OF NEW YORK        )
                                            )  ss:
COUNTY OF NEW YORK  )

BEFORE ME, the undersigned authority, PERSONALLY APPEARED David C. McGrail, who, after being duly sworn, stated and deposed as follows:

1. My name is David C. McGrail. I am over twenty-one years of age, of sound mind, in all respects qualified to make this affidavit, and have personal knowledge of the facts stated herein. I am a partner at McGrail & Bensinger LLP (the "Firm"). This affidavit is submitted pursuant to Bankruptcy Rule 2014(a) in support of the application (the "Application") of debtor Montezuma Mexican Restaurant Inc. (the "Debtor"), pursuant to Bankruptcy Code §§ 327(a) and 329, for authority to employ and to retain the Firm as bankruptcy counsel, *nunc pro tunc* to February 20, 2015, and in compliance with the requirements of Bankruptcy Rules 2014 and 2016(b), Local Bankruptcy Rule 2014-1, and Bankruptcy Code § 329(a).

2. I have read and am generally familiar with the Bankruptcy Code, the Bankruptcy Rules, and the local rules of this Court. The Firm will conduct itself in accordance with the local rules, customs, and procedures of this Court.

3. The Firm is familiar with the Debtor's business affairs and the potential legal issues that may arise in the context of this bankruptcy case.

4. On November 17, 2014 the Debtor paid the Firm $181 and made a $3,000 advance payment to the Firm, on January 23, 2015 it made a $12,000 advance payment to the Firm, on February 20, 2012 it made a $11,718 advance payment to the Firm. The Firm has applied $10,182 on account of pre-petition fees and used $1,717 to pay the fee to file this Chapter 11 case. The Firm has not received any other payments from the Debtor.

5. The Firm is currently holding $15,000 as a retainer to secure the payment of the Firm's post-petition fees and expenses, as allowed by this Court.

6. Following the Debtor's Chapter 11 bankruptcy filing, the Firm immediately began rendering necessary post-petition legal services to the Debtor.

7. All compensation to be paid to the Firm for services rendered to the Debtor and reimbursement of expenses incurred in connection therewith shall be pursuant to applications to be submitted to and approved by the Bankruptcy Court in accordance with expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013, and the United States Trustee Fee Guidelines.

8. The Firm has not rendered professional services to any of the Debtor's creditors or other parties-in-interest and will not do so in this case.

9. The Firm neither holds nor represents any interest adverse to the Debtor's estate and is a "disinterested person," as referenced in Bankruptcy Code section 327 and as defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b).

2

10. The Firm has no connection with the Debtor, its creditors, or any other parties-in-interest, or their respective attorneys or accountants, or the Office of the United States Trustee or any person employed in the Office of the United States Trustee.

11. The Firm's compensation for professional services rendered to the Debtor will be based upon an hourly rate of $365 for partners and $200 for associates and legal interns, which are the Firm's customary rates.

12. In addition, the Firm charges for out-of-pocket expenses, including travel postage, courier expenses, and filing fees.

13. The Firm will endeavor to coordinate with the other professionals retained in this case, if any, to eliminate unnecessary duplication or overlap of work.

14. The Debtor was referred to me in my capacity as a member of the Legal Referral Service (the "Service"), which is sponsored by The Association of the Bar of the City of New York and the New York County Lawyers' Association under the auspices of the Associations' Joint Committee on Legal Referral Service. The Service is operated as a public service and exists primarily for the benefit of the public.

15. In accordance with the Service's Rules for Panel Membership, the Firm is obligated to pay the following referral fee to the Service:

> 6% of the first $10,000; plus
> 12% of the next $40,000; plus
> 18% of the amount over $50,000.

16. The Firm has not entered into any other payment sharing agreements in connection with its representation of the Debtor.

17. I believe that the Firm is competent to represent the interests of the Debtor in this case.

                                                s/ David C. McGrail  
                                                David C. McGrail

SUBSCRIBED and sworn to  
before me the undersigned  
on this 20th day of February, 2015

s/ Anthony Allocco  
Notary Public  
My Commission Expires: 4/15/2017

4

# **Exhibit B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| MONTEZUMA MEXICAN RESTAURANT INC., | Bankr. Case No.: |
| Debtor. | |

**ORDER AUTHORIZING DEBTOR TO EMPLOY
AND RETAIN MCGRAIL & BENSINGER LLP
AS ITS BANKRUPTCY COUNSEL, *NUNC PRO TUNC* TO FEBRUARY 20, 2015**

Upon consideration of the application (the "Application") of debtor Montezuma Mexican Restaurant Inc. for an order, pursuant to Bankruptcy Code sections 327(a) and 329(a), Bankruptcy Rules 2014(a) and 2016(b), and Local Bankruptcy Rule 2014-1, authorizing it to employ and retain McGrail & Bensinger LLP (the "Firm") as its bankruptcy counsel in this case, *nunc pro tunc* to February 20, 2015; and upon consideration of the affidavit of David C. McGrail in support of the Application, wherein it is represented that the Firm neither holds nor represents any interest adverse to the Debtor and is a "disinterested person," as referenced in Bankruptcy Code section 327(a) and as defined in Bankruptcy Code section 101(14), as modified by Section 1107(b); and it appearing that the retention of the Firm is in the best interests of the Debtor and its estate; and it appearing that notice of the Application was adequate and proper under the circumstances of this case; and it appearing that no further notice of the Application is required; and the Court having found that good and sufficient cause exists for granting the Application; it is hereby

ORDERED, that the Application is granted to the extent provided herein; and it is further

ORDERED, that in accordance with Bankruptcy Code §§327(a), 330, and 331, the Debtor is authorized to retain the Firm as its bankruptcy attorneys, *nunc pro tunc* to February 20, 2015, to provide services representing the Debtor in connection with its rights and obligations under chapter 11 of the Bankruptcy Code and for other purposes set forth in the Application; and it is further

ORDERED, that the Firm shall be compensated for fees and reimbursed for reasonable and necessary expenses and will file interim and final fee applications for allowance of its compensation and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013, and the United States Trustee Fee Guidelines; and it is further

ORDERED, that prior to any increases in the Firm's rates, the Firm shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee, and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code; and it is further

ORDERED, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Dated: February __, 2015

_____
United States Bankruptcy Judge

3