**Objection Deadline: June 2, 2015 at 4:00 p.m. (ET)**
**Hearing Date: June 9, 2015 at 3:00 p.m. (ET)**

MCGRAIL & BENSINGER LLP
888-C Eighth Ave. #107
New York, New York  10019
(646) 285-8476
(646) 224-8377 Facsimile
David C. McGrail
dmcgrail@mcgrailbensinger.com

Counsel to Montezuma Mexican Restaurant Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MONTEZUMA MEXICAN RESTAURANT INC., | ) | Bankr. Case No.: 15-10365 (MG) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**NOTICE OF HEARING ON**
**DEBTOR'S MOTION FOR AN ORDER**
**AUTHORIZING AND DIRECTING THE ASSUMPTION**
**OF ITS LEASE OF NONRESIDENTIAL REAL PROPERTY**

**PLEASE TAKE NOTICE** that debtor Montezuma Mexican Restaurant Inc. (the

"Debtor"), by and through its undersigned counsel, has filed the attached motion (the "Motion")

for an order, pursuant to Bankruptcy Code section 365, Bankruptcy Rule 6006, and Local

Bankruptcy Rule 6006-1, authorizing and directing the assumption of its unexpired lease of

nonresidential real property.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion

will be held before the Honorable Martin Glenn, United States Bankruptcy Judge, at the United

States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom

501, New York, NY 10044-1408 on **June 9, 2015 at 3:00 p.m. (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that the Motion is available for inspection at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004-1408.  In addition, the Motion is available at https://ecf.nysb.uscourts.gov.  A PACER password is needed to access the documents on line and can be obtained by visiting PACER's website at www.pacer.psc.uscourts.gov.  In addition, parties may request copies of the Motion by contacting the undersigned counsel.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion must (a) be in writing and state with particularity the grounds therefor and (b) be filed with the Clerk of the Bankruptcy Court and served upon and received by the undersigned counsel on or before **June 2, 2015 at 4:00 p.m. (Eastern Time)**.

DATED:    May 6, 2015
               New York, New York

MCGRAIL & BENSINGER LLP

/s/ David C. McGrail
David C. McGrail, Esq.
888-C Eighth Ave. #107
New York, New York  10019

Counsel to Montezuma Mexican Restaurant Inc.

2

**Objection Deadline: June 2, 2015 at 4:00 p.m. (ET)**
**Hearing Date: June 9, 2015 at 3:00 p.m. (ET)**

MCGRAIL & BENSINGER LLP
888-C Eighth Ave. #107
New York, New York  10019
(646) 285-8476
(646) 224-8377 Facsimile
David C. McGrail
dmcgrail@mcgrailbensinger.com

Counsel to Montezuma Mexican Restaurant Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| MONTEZUMA MEXICAN RESTAURANT INC., | ) | Bankr. Case No.: 15-10365 (MG) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**DEBTOR'S MOTION FOR AN ORDER**
**AUTHORIZING AND DIRECTING THE ASSUMPTION**
**OF ITS LEASE OF NONRESIDENTIAL REAL PROPERTY**

Debtor Montezuma Mexican Restaurant Inc. (the "Debtor"), by and through its undersigned counsel, hereby files this motion (the "Motion") for an order, pursuant to Bankruptcy Code section 365, Bankruptcy Rule 6006, and Local Bankruptcy Rule 6006-1, authorizing and directing the assumption of its unexpired lease of nonresidential real property, and in support thereof respectfully represents as follows:

**JURISDICTION**

1.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory

predicates for the relief requested herein are Bankruptcy Code section 365, Bankruptcy Rule 6006, and Local Bankruptcy Rule 6006-1.

## BACKGROUND

2.    On February 20, 2015, the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  No trustee, committee, or examiner has been appointed in this case.

3.    The Debtor, a New York corporation, operates a high-quality Mexican restaurant located at 119 West Kingsbridge Rd., Bronx, NY 10468.  It pays $10,607.84 in monthly rent under a lease (the "Lease") with 2690 Webb Ave. LLC (the "Landlord") that expires on June 1, 2025.

4.    The Debtor is current on its post-petition rent obligations (and its other post-petition obligations).

5.    The Landlord is holding a $19,600 security deposit with respect to the Lease.

## RELIEF REQUESTED

6.    By this Motion, the Debtor requests that this Court enter an order authorizing and directing it to assume the Lease.

## BASIS FOR RELIEF

The Debtor Has Resolved to Assume the Lease in it Business Judgment

7.    Bankruptcy Code section 365(a) provides that a debtor-in-possession, "subject to the Court's approval, may . . . assume any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  The standard to be applied by a court in determining whether an executory contract or unexpired lease should be assumed is the "business judgment" test, which is premised upon the debtor's business judgment that assumption would be beneficial to its

estate.  Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d

1095, 1098 (2d Cir. 1993); In re Bradlees Stores, Inc., 194 B.R. 555, 558 (Bankr. S.D.N.Y.

1996) ("In reviewing a debtor's decision to assume or reject an executory contract, the court

must examine the contract and circumstances and apply its best 'business judgment' to determine

if the assumption or rejection would be beneficial or burdensome to the estate"); see also

N.L.R.B. v. Bildisco, 465 U.S. 513, 526 (1984) (noting that courts have applied the "business

judgment" test to non-labor executory contracts).  "More exacting scrutiny would slow the

administration of the debtor's estate and increase its cost, interfere with the Bankruptcy Code's

provision for private control of administration of the estate, and threaten the court's ability to

control a case impartially."  Richmond Leasing Co. v. Capital Bank, N.A., 762 F.2d 1303, 1311

(5th Cir. 1985).

8.   In its business judgment, the Debtor has resolved to assume the Lease,

which it believes is in its best interests and the best interests of its estate.

9.   The Lease is necessary to the Debtor's ongoing operations-- it simply is

not able to operate without the Lease, which expires in 2025 and is its primary asset.

10.   The Lease is also crucial to the Debtor's reorganization efforts.  If the

lease were rejected, the Debtor's reorganization efforts and, indeed, its business as a whole,

would grind to a halt.

11.   Finally, because there is no cure payment, the assumption of the Lease

comes at no immediate cost to the Debtor or its estate.

There Are No Defaults to Cure Under the Lease

12.   Except under certain limited circumstances, Bankruptcy Code section

365(b)(1) permits the assumption of an executory contract where there has been a default, if the

3

debtor (A) cures, or provides adequate assurance that it will promptly cure, such default, (B) compensates, or provides adequate assurance that it will promptly, compensate the non-debtor party to the contract for any actual pecuniary loss resulting from such default, and (C) provides adequate assurance of future performance under the executory contract.  11 U.S.C. § 365(b); See Stoltz v. Brattleboro Housing Authority (In re Stoltz), 315 F.3d 80, 86 (2d. Cir. 2002); see also In re Burger Boys, 94 F.3d 755, 763 (2d Cir. 1996); In re Atlantic Computer Sys., 173 B.R. 844, 857 (S.D.N.Y. 1994).

13.     Because the Debtor is not in default under the Lease, there is no cure obligation in connection with assumption.

The Debtor Has Provided Adequate Assurance of Future Performance

14.     The term "adequate assurance of future performance" is not statutorily defined.  In re M. Fine Lumber Co., 383 B.R. 565, 573 (Bankr. E.D.N.Y. 2008).  Courts have looked to the legislative history to determine its meaning.  Id.; In re Rachels Indus., Inc., 109 B.R. 797, 803 (Bankr. W.D. Tenn. 1990); In re Westview 74th, St. Drug Corp., 59 B.R. 747, 754 (Bankr. S.D.N.Y. 1986); In re Natco Indus., Inc., 54 B.R. 436, 440 (Bankr. S.D.N.Y. 1985); In re Sapolin Paints, Inc., 5 B.R. 412, 420 (Bankr. E.D.N.Y. 1980).  The legislative history indicates that Congress intended to give the term "a practical, pragmatic construction."  In re M. Fine Lumber Co., 383 B.R. at 573; Sapolin Paints, 5 B.R. at 420.

15.     Whether "adequate assurance of future performance" has been provided is determined by the facts and circumstances of each case.  In re M. Fine Lumber Co., 383 B.R. at 573; In re Texas Health Ents., Inc., 72 Fed. Appx. 122, 126 (5th Cir. 2003); In re General Oil Distributors, Inc., 18 B.R. 654, 658 (Bankr. E.D.N.Y. 1982); Chera v. 991 Blvd. Realty Corp. (In re Nat'l Shoes, Inc.), 20 B.R. 55, 59 (Bankr. S.D.N.Y. 1982); In re Lafayette Radio Elecs. Corp.,

4

9 B.R. 993, 998 (Bankr. E.D.N.Y. 1981).  A debtor need not prove that it will "thrive and make a profit," Natco, 54 B.R. at 440, or provide "an absolute guarantee of performance," In re Silent Partner, Inc., 119 B.R. 95, 98 (E.D. La. 1990).  It must simply "appear[] that  the rent will be paid and other lease obligations met." Westview, 59 B.R. at 755.

       16.    As one court stated:

> The emphasis is on protection. Section 365 gives no indication that a landlord . . . is to improve its position upon the bankruptcy of a tenant. The statute affords no relief to a landlord simply because it might have the opportunity to rent the premises to others at a higher base or percentage rent and would otherwise seek to escape the bargain it made.

Natco, 54 B.R. at 441 (citing In re Webster Clothes, Inc., 36 B.R. 260, 264 (Bankr. D. Md. 1984).

       17.    In determining whether "adequate assurance of future performance" has been shown, courts have considered some of the following factors:

(1) the debtor's payment history;

(2) presence of a guarantee;

(3) presence of a security deposit;

(4) evidence of profitability;

(5) a plan which would earmark money exclusively for the landlord;

(6) the general outlook in the debtor's industry; and

(7) whether the unexpired lease is at, or below, the prevailing rate.

In re M. Fine Lumber Co., 383 B.R. at 573; see also L. King, Collier on Bankruptcy, § 3-365, at 365.06 (2011).

       18.    The Debtor has clearly provided adequate assurance of future performance under the Lease.

       19.    First and foremost, the Debtor is current on its post-petition rent obligations, the strongest evidence that it will continue to pay the rent going forward.

20.     Moreover, its projections indicate that it will have the funds available to continue to pay the Landlord.

21.     Finally, the Landlord is protected by a $19,600 security deposit representing approximately two months' rent under the Lease.

22.     The Debtor has clearly provided adequate assurance of future performance under the Lease and has satisfied the requirements of Bankruptcy Code section 365(b)(1).

## NOTICE

23.     The Debtor will serve this Motion on (i) the Office of the United States Trustee for the Southern District of New York; (ii) all known creditors of the Debtor; (iii) the Landlord; (iv) any party that has formally appeared and requested service in this case pursuant to Bankruptcy Rule 2002; and (v) any government agency to the extent required by the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules.  The Debtor submits that no other or further notice need be given under the circumstances.

## NO PRIOR APPLICATION

24.     No previous motion for the relief sought herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, (i) granting the Motion; and (ii) granting such other relief as is just and proper.

DATED:   May 6, 2015
          New York, New York

                                   MCGRAIL & BENSINGER LLP

                                   /s/ David C. McGrail
                                   David C. McGrail, Esq.
                                   888-C Eighth Ave. #107
                                   New York, New York  10019

                                   Counsel to Montezuma Mexican Restaurant Inc.

## EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|                                              |   |                              |
|----------------------------------------------|---|------------------------------|
| In re:                                       | ) | Chapter 11                   |
|                                              | ) |                              |
| MONTEZUMA MEXICAN RESTAURANT INC.,           | ) | Bankr. Case No.: 15-10365 (MG) |
|                                              | ) |                              |
| Debtor.                                      | ) |                              |
|                                              | ) |                              |

**ORDER AUTHORIZING AND
DIRECTING THE ASSUMPTION OF THE
DEBTOR'S LEASE OF NONRESIDENTIAL REAL PROPERTY**

This matter having come before the Court on the motion (the "Motion") of Montezuma Mexican Restaurant Inc. (the "Debtor"), for an order, pursuant to Bankruptcy Code section 365, Bankruptcy Rule 6006, and Local Bankruptcy Rule 6006-1, authorizing and directing the assumption of the Debtor's unexpired lease of nonresidential real property; and the Court having considered the Motion; and upon the record of this chapter 11 case; and after due deliberation thereon; and this Court having found that notice of the Motion was good and sufficient under the particular circumstances and that no other or further notice is or shall be required; and this Court having found that the relief requested in the Motion is appropriate and is in the best interests of the Debtor, its estate, and other parties-in-interest; it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Code section 365, the Debtor is authorized and directed to assume its lease (the "Lease") with 2690 Webb Ave. LLC (the "Landlord"); and it is further

ORDERED that there is no cure obligation in connection with the Debtor's assumption of the Lease; and it is further

ORDERED that this Court shall retain jurisdiction over all matters arising from or

related to the interpretation and implementation of this Order.

Dated:  New York, New York
        June __, 2015



_____
The Honorable Martin Glenn
United States Bankruptcy Judge