UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MONTEZUMA MEXICAN RESTAURANT INC., | ) ) | Case No. 15-10365 (MG) |
| Debtor. | ) ) ) |  |

### ORDER GRANTING DEBTOR'S MOTION TO ASSUME A LEASE OF NONRESIDENTIAL REAL PROPERTY

Pending before the Court is the *Debtor's Motion For an Order Authorizing and Directing the Assumption of a Lease of Nonresidential Real Property* (the "Motion," ECF Doc. # 28).[1] By the Motion, Montezuma Mexican Restaurant Inc. (the "Debtor") seeks to assume an unexpired lease (the "Lease") of nonresidential real property located at 119 West Kingsbridge Rd., Bronx, NY 10468 (the "Property"). The Motion is unopposed. The Court held a hearing on the Motion on June 9, 2015. This Order **GRANTS** the Motion.

A.   **Background**

On February 20, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[2] (Motion ¶ 2.) Before the Petition Date, the Debtor entered into the Lease of the Property with 2690 Webb Ave. LLC (the "Landlord"), which expires on June 1, 2025. (*See id.* ¶ 3.) The Landlord holds a $19,600 security deposit (the "Security Deposit") under the Lease. (*Id.* ¶ 5.) The Lease also requires the Debtor to make monthly rent payments in the amount of $10,607.84 to the Landlord. (*See id.* ¶ 3.) The Debtor

---

[1]   The Motion is supported by the declaration of Magdalena Dominguez (ECF Doc. # 30).

[2]   The Debtor is a New York corporation that operates a Mexican restaurant on the Property. (Motion ¶ 3.)

asserts that it is current on all its post-petition obligations, including its post-petition rent obligations under the Lease. (*See id.* ¶ 4.)

### B. The Motion

By the Motion, the Debtor seeks to assume the Lease pursuant to section 365 of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 6006, and Local Bankruptcy Rule 6006-1. (*See id.* ¶ 1.) The Debtor put forth three reasons why the Court should grant the Motion. First, the Debtor asserts that it determined in the exercise of its business judgment that assumption of the Lease would be in the best interests of the Debtor and its estate. (*Id.* ¶ 8.) The Debtor claims that the Lease is necessary to its ongoing business in operating a Mexican restaurant and that the Lease is its primary asset. (*Id.* ¶ 9.) Therefore, the Lease is crucial to the Debtor's reorganization efforts. (*Id.* ¶ 10.) Second, the Debtor claims that because there are no defaults to cure under the Lease, assumption of the Lease would come at no immediate cost to the Debtor or its estate. (*Id.* ¶ 11.) Third, the Debtor claims it has established adequate assurance of future performance by: (i) demonstrating it is current on its post-petition rent obligations (*id.* ¶ 19); (ii) submitting financial projections indicating its ability to continue paying monthly rent payments to the Landlord (*id.* ¶ 20); and (iii) providing the Security Deposit to the Landlord (*id.* ¶¶ 5, 21).

### C. The Motion Is Granted

Bankruptcy Code section 365(a) provides in relevant part that a debtor-in-possession, "subject to the court's approval, may assume . . . any . . . unexpired lease of the debtor." 11 U.S.C. § 365(a). The Debtor is not alleged to be in default and is current on its post-petition rent obligations. (Motion ¶ 4, 13.) "In the absence of a default, the debtor is entitled as a matter

2

of course to assume a lease which appears to be in the best interests of the estate." *In re Westview 74th St. Drug Corp.*, 59 B.R. 747, 754 (Bankr. S.D.N.Y. 1986).

The applicable standard for determining when a debtor may assume or reject an unexpired lease is the "business judgment" test. *See In re Minges*, 602 F.2d 38, 43 (2d Cir. 1979) (applying the business judgment test in determining whether a debtor may reject an executory contract under the Bankruptcy Act's analogue of Bankruptcy Code section 365). Under the business judgment test, a bankruptcy court must "plac[e] itself in the position of the trustee or debtor-in-possession and determin[e] whether assuming the contract would be a good business decision or a bad one." *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1099 (2d Cir. 1993); *see also Westbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees Stores, Inc.)*, 194 B.R. 555, 558 (Bankr. S.D.N.Y. 1996) ("In reviewing a debtor's decision to assume or reject an executory contract, the court must examine the contract and circumstances and apply its best 'business judgment' to determine if the assumption or rejection would be beneficial or burdensome to the estate."). The business judgment test is the preferred standard because "[m]ore exacting scrutiny would slow the administration of the debtor's estate and increase its cost, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially." *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1311 (5th Cir. 1985) (citations omitted).

Here, the Debtor has demonstrated that assumption of the Lease falls within its business judgment. The Lease is necessary to the Debtor's ongoing operations as a Mexican restaurant. (Motion ¶ 8.) Absent assumption of the Lease, the Debtor's reorganization efforts would likely fail because its restaurant business located on the Property would immediately cease to operate.

3

(*Id.* ¶ 10.) Accordingly, the Court finds that the relief requested in the Motion is appropriate and is in the best interests of the Debtor, its estate, and other parties-in-interest.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

For the foregoing reasons, the Court **GRANTS** the Motion.

Dated:   June 12, 2015
         New York, New York

                                           /s/Martin Glenn
                                         MARTIN GLENN
                                   United States Bankruptcy Judge